UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



| | | |
|---|---|---|
| JEFFREY LARSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-101 |
| | § | |
| DAVID SHARP, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

For the reasons set forth below, the Court hereby VACATES the order entered by the Hon. Gray Miller of the United States District Court for the Southern District of Texas, Houston Division, granting Plaintiff Jeffrey Allen Larson's motion to proceed *in forma pauperis* in the above-styled action (D.E. 5, Case No. 4:07-mc-207).[1] For the reasons set forth below, the Court hereby DENIES Plaintiff's motion to proceed *in forma papueris* (D.E. 3, Case No. 4:07-mc-207), and the Court hereby DISMISSES all of Plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B). The Court DISMISSES the above-styled action in its entirety.

## I. Factual Background

Plaintiff is a *pro se* litigant who has filed several cases around the country regarding the same issues, essentially complaining about various misfortunes he has faced over the past several years. These various complaints are detailed below.[2]

[1]The Houston Division of the Southern District of Texas transferred this case to the Corpus Christi Division on March 31, 2008 (D.E. 10), and the case was assigned to this Court.

[2]Unless otherwise noted, all of Plaintiff's allegations are detailed in the various pleadings he has filed in this case, D.E. 11, 12, 13, 14, 19, 20 and 21.

A. **Employment Injury**

From Plaintiff's various filings, it appears that Plaintiff is originally from Crow Wing County, Minnesota. In 1997, Plaintiff was injured while he was working at a job in Minnesota.[3] This injury involved a "fall" and a "head injury," as well as various other physical injuries to Plaintiff's back and other parts of his body. In connection with his 1997 injury, Plaintiff reached a workers compensation settlement with his former employer's insurance company. Plaintiff also appears to have been declared permanently "partially disabled," entitling him to receive federal Social Security disability payments of approximately $1,038.00 per month. (D.E. 3, Case No. 4:07-mc-207, Amended Motion to Proceed *In Forma Pauperis*). Following Plaintiff's fall and head injury, Plaintiff sought "vocational retraining" from various agencies and "workforce centers" in the State of Minnesota. From Plaintiff's pleadings, it appears that he has been traveling around the country, starting in Minnesota and passing through Colorado, Texas and Montana, attempting to seek services, attend school, and pursue a position as a correctional officer. From his incoherent documentation, Plaintiff appears to be operating under the assumption that the states where he lives must pay for and assist him with his schooling, and somehow find a way for him to become a prison correctional officer. Plaintiff's various pleadings essentially consist of recitations about events that have taken place in his life over the past several years. From these pleadings, it appears that Plaintiff has had several problems and

[3]The exact nature of Plaintiff's job in Minnesota is not clear, he may have been doing some type of construction or pipe fitting project.

altercations with law enforcement and other persons/organizations Plaintiff has come into contact with as he travels around the country.[4]

B. **Virginia Assault Charges**

In his pleadings, Plaintiff alleges that in 2003, after traveling abroad, Plaintiff was "deported" from Germany and returned to Dulles Airport in Chantilly, Virginia. He claims that he was angry over being discriminated against on account of being an injured worker, and he was angry over not being placed in a shelter. He threw an item in the airport, and was charged under 18 U.S.C. § 4286 for assaulting a federal officer. In connection with this charge, Plaintiff appeared before United States Magistrate Judge Liam O'Grady in the United States District Court for the Eastern District of Virginia, Alexandria Division (Case No. 1:03-mj-00286-LO, United States v. Larson).

C. **Police Issues**

Plaintiff's papers indicate that he had various altercations with the police in Corpus Christi, related to domestic incidents with a former girlfriend. Plaintiff maintains that the former girlfriend caused a disturbance in a bar and hurt Plaintiff. Plaintiff maintains that the police incorrectly placed the blame for the incident on Plaintiff. Per Plaintiff's pleadings, Plaintiff has had several other altercations with police in the states where he has lived, ranging from tickets for sleeping in public places to problems with theft and issues with his vehicles.

D. **Passport Problems**

Plaintiff's pleadings devote significant detail to various problems he had in trying to obtain a passport. Plaintiff alleges that he tried to renew his passport but kept having problems

---

[4]From the exhibits to Plaintiff's filings, it appears that relevant state agencies have determined that Plaintiff's cognitive issues and criminal background present serious obstacles to his goal of becoming a correctional officer.

sending in the proper paperwork. He apparently spent a few days at the passport agency in Houston attempting to resolve his passport issues.[5] He claims that he lost several passports, which triggered concerns of diplomatic security. When Plaintiff felt that he did not get adequate assistance at the passport agency in Houston, he claims he drove to Washington, D.C. to try to get help with the passport. He claims that when he did not get adequate assistance in Washington, he drove to South Carolina to the passport office that was listed on the correspondence he received from the State Department. He claims that he was not permitted in the building in South Carolina. He alleges that he purchased a plane ticket and that he was not able to board his flight because of the passport problems.[6] Plaintiff's papers appear to link his passport problems with his problems in going to school, although the relationship between school and the passport is not clear.

E. **Vehicle Problems**

Plaintiff's papers also detail many problems he had with his various cars. Specifically, Plaintiff describes the extensive mechanical problems he had with his vehicles, and he describes circumstances that led him to abandon certain vehicles in different areas of the country. Plaintiff appears to allege that when one of his cars broke down at a community college in Colorado, it was somehow the school's responsibility to fix the car. Plaintiff claims that the school refused to fix the car, so Plaintiff abandoned the vehicle at the school.

---

[5]Plaintiff claims that he even brought a camera to the agency, apparently in order to take pictures of employees he claims were not sufficiently helping him.

[6]From his documentation, it appears that Plaintiff actually only spent $25 to hold the plane ticket, but he went to the airport and caused various issues because of his inability to board the plane.

F. **School Problems**

Plaintiff signs his papers "CRJ [Criminal Justice] Student." Plaintiff alleges that he has traveled from Minnesota to Texas, Colorado and Montana in his efforts to attend school and become a correctional officer.[7] Plaintiff also claims that he attended an online college called "Virginia Online," and he is having difficulties obtaining a refund for unfinished courses. Plaintiff now claims to attend Del Mar College in Corpus Christi, Texas, but it is unclear whether or not Plaintiff actually attends Del Mar. Plaintiff appears to wish to sue certain Del Mar employees for not sufficiently helping Plaintiff with his education. Plaintiff's papers contain numerous references to difficulties in obtaining transcripts from the schools he allegedly attended.

G. **Issues with Colorado Department of Human Services**

In 2007, while Plaintiff lived in Colorado, Plaintiff sought services from the Colorado Department of Human Services, Division of Vocational Rehabilitation (hereinafter, "Colorado DHS"). Plaintiff claims that Colorado DHS failed to develop an Individualized Plan for Employment ("IPE") for Plaintiff, and failed to reimburse Plaintiff for his tuition at a Colorado community college. Per Plaintiff's documentation, Colorado DHS held a hearing on Plaintiff's claims, and the impartial hearing officer found that Plaintiff's claims did not have merit. The hearing officer's report indicated that Colorado DHS could not work with Plaintiff on his plan to be a correctional officer, due to Plaintiff's cognitive issues and criminal record.[8] The impartial

[7]During his time in Montana, Plaintiff alleges that he was employed by a local fish and game organization.

[8]The impartial hearing officer reviewed various medical records and found that Plaintiff "suffers from a borderline range of intellectual functioning, cognitive disorder subsequent to heard injuries ... that he has a tendency for distraction and frustration and impulsivity; that [Plaintiff] has had sigificant difficulties in obtaining employment; and that he also would have

hearing officer found that "[a]n IPE was not developed because of [Plaintiff's] questionable vocational goal" to become a correctional officer. (Colorado DHS Impartial Hearing Officer Decision, In re: Jeffrey Jarson v. Colorado Division of Vocational Rehabilitation, p. 2). The impartial hearing officer also found that Plaintiff was not eligible for tuition reimbursement, and that since Plaintiff had moved to Texas, Plaintiff should pursue benefits in Texas as opposed to Colorado. Plaintiff apparently now seeks services from the Texas Department of Rehabilitative Services ("Texas DRS"), and he appears to want to sue various Texas DRS employees for failure to effectively help him with his goals.

**H. Issues With Texas Department of Criminal Justice**

Plaintiff claims to have been pursuing a position as a Texas Department of Criminal Justice ("TDCJ") correctional officer. Plaintiff claims that he took and passed an initial screening test, but that he was not permitted to proceed with subsequent testing as a result of his criminal record. Plaintiff wishes to continue the process and obtain employment with TDCJ, despite his various background issues.

## II. Procedural Background

Plaintiff filed an application to proceed *in forma pauperis* on April 9, 2007 (D.E. 1, Case No. 4:07-mc-207). Plaintiff's original motion to proceed *in forma pauperis* was struck for procedural reasons, and he filed an amended motion on November 15, 2007 (D.E. 3, Case No. 4:07-mc-207). Plaintiff's motion to proceed *in forma pauperis* was granted on November 26, 2007, by Judge Gray H. Miller in the Houston Division of the Southern District of Texas. (D.E. 5, Case No. 4:07-mc-207). Judge Miller's short order only states that "Plaintiff's amended

---

difficulties in preparing for employment because of his IQ and cognitive disorder." (Colorado DHS Impartial Hearing Officer Decision, In re: Jeffrey Jarson v. Colorado Division of Vocational Rehabilitation, p. 2).

application to proceed *in forma pauperis* (Dkt. 4) is GRANTED." (Id.). Judge Miller's order does not reference the claims or statements in Plaintiff's proposed complaint.

Plaintiff's case was opened on November 26, 2007, with the filing of Plaintiff's Original Complaint. (D.E. 1, Case No. 4:07-cv-3980). The case was pending in the Houston Division of the Southern District of Texas, and it was assigned to Judge Lee H. Rosenthal. On March 31, 2008, the Court in Houston transferred the case to Corpus Christi. (D.E. 10, Case No. 4:07-cv-3980). The short transfer order indicates that Plaintiff resided in Corpus Christi at the time of the transfer. (Id.).[9]

Plaintiff filed an "Amended Complaint" on March 28, 2008 (D.E. 14), and he filed another "Amended Complaint" on April 1, 2008. (D.E. 12). Plaintiff's April 1, 2008 Amended Complaint is the current operative pleading in the case. In the caption of his Amended Complaint, Plaintiff lists the following Defendants: "Minnasota [*sic*], Virginia, Texas, Colorado and New Mexico." In the body of his Amended Complaint, Plaintiff lists a myriad of other Defendants that have allegedly wronged Plaintiff during various phases of his life.[10] (Amended Complaint, pp. 1-4).

---

[9]From the docket sheet, it appears that Plaintiff resided for a period of time at the Good Samaritan shelter in Corpus Christi. Plaintiff has changed his address to "General Delivery" in Corpus Christi, and it is unclear whether he still resides at the Good Samaritan shelter.

[10]The list of alleged "Defendants" named in the body of Plaintiff's Amended Complaint includes the following: Ed Adams (Minnesota Department of Labor); "Mr. Lawson in Rosedale for QRC"; "Brainard [W]orkforce Center"; "Cloquet [W]orkforce Center"; United States District Court for the Eastern District of Virginia; Scott Nash, Assistant United States Attorney; "Judge O'Grady"; Andrew Mefferd, "Special Agent for U.S. Customs"; A.F. Beeler (Warden for FMC Butner in North Carolina); Michelle T. Fuseyamore (Assistant United States Attorney); Hon. W. Earl Britt, United States District Court for the Eastern District of North Carolina; Ramona Lee with the Department of Homeland Security in St. Paul, Minnesota; "Appeals at Lewis F. Powell, Jr. United States Courthouse Annex" in Richmond, Virginia; "Supreme Court of the United States"; Crow Wing County, Minnesota; Bruce F. Aldermen, Assistant County Attorney, Crow Wing County, Minnesota; David Sharp (Counselor at "Texas Department of Assistive and

Liberally construing Plaintiff's *pro se* Amended Complaint, it appears Plaintiff intends to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII") against TDCJ employee Terry Baily, for TDCJ's failure to hire Plaintiff. However, it is unclear what other claims Plaintiff seeks to bring against the Defendants listed in his Amended Complaint. It appears that Plaintiff essentially wishes to bring claims against these persons/organizations for their perceived failure to sufficiently help Plaintiff with his various problems.

With regard to service of process, from the docket sheet it is not clear whether Plaintiff has actually served anyone in this case.[11] He did prepare "summons forms" for various people/entities, detailing his problems and complaints. (D.E. 13, 21). Some of the summons forms are directed at people he names in his Amended Complaint, and some of them are directed at other people or entities (*i.e.*, he directs many of his forms to the employees of the U.S. State Department, apparently in regards to the passport issue. These employees are not named as Defendants in any part of Plaintiff's Amended Complaint). Most of the summons forms

---

Rehabilitative [Services]" in Corpus Christi, Texas; "Melissa" (the "Hearings Coordinator" in Austin, Texas); Kathryne Gwinn, Assistant Attorney General in Denver, Colorado; Sam Medina of "Colorado Vocational Rehab[ilitation]" in Trinidad, Colorado; Roberta F. Smith, Counselor at Montana Vocational Rehabilitation in Kalispell, Montana; Pam Pudelka, Counselor at Del Mar College in Corpus Christi, Texas; Walter Theme, Instructor at Del Mar College in Corpus Christi, Texas; "SWTJC" in Uvalde, Texas; "TSJC" in Trinidad, Colorado; "Virginia Online" in Birmingham, Alabama; "Detective Michiel" of the Victim Assistance Program in Corpus Christi, Texas; "Victim Compensation Program" in Austin, Texas; Officer Dominguez, Badge No. 1198 in Corpus Christi, Texas; Terry Baily at TDCJ Headquarters in Huntsville, Texas; Yuonne Marlinez Denko, Corrections Training Division for the State of New Mexico in Santa Fe, New Mexico; and Rafa Smith, "DOC Headquarters" in Colorado Springs, Colorado.

[11]Plaintiff may be attempting to "serve" various entities that are not actually named as Defendants in Plaintiff's Amended Complaint. However, from the available documentation, it is not clear whether Plaintiff has actually effectuated service on any of the named Defendants in the case.

prepared by Plaintiff state "You are involved in a class action for not promote the Plaintiff."[12] (D.E. 13).

## III. **Related Cases**

Plaintiff has brought other cases in courts across the country, alleging similar complaints regarding Plaintiff's problems over the past years. These cases are detailed below.

On June 15, 2007, in the United States District Court for the District of Montana, Plaintiff filed a series of complaints that are essentially the same as the complaint he has filed before this Court. (Larson v. Texas, et al., Case No. CV 07-38-H-DWM-RKS, District of Montana, Helena Division). He also filed a motion to proceed *in forma pauperis*, which was DENIED by Judge Walter Milloy. Judge Milloy issued an opinion describing Plaintiff's "incoherent" documents and classifying Plaintiff's claims as frivolous. (D.E. 7, Montana Civil Case). While Judge Milloy found that Plaintiff would satisfy the financial requirements to proceed *in forma pauperis*, Judge Milloy held that Plaintiff should not be permitted to proceed *in forma pauperis* because of his frivolous claims. (Id.). Judge Milloy also found that the majority of the events complained of took place outside of Montana, and that certain of Plaintiff's claims were barred by the statute of limitations. (Id.). Plaintiff filed a revised motion to proceed *in forma pauperis*, which Judge Milloy also DENIED.[13] (D.E. 12, Montana Civil Case). Judge Milloy dismissed the case for failure to pay the filing fee. (Id.).

---

[12]This is not a class action, it is not clear why Plaintiff uses this term.

[13]Judge Milloy's order denying Plaintiff's motion to proceed *in forma pauperis* stated that the Court would not entertain a motion for reconsideration. The Court construed Plaintiff's revised motion to proceed *in forma pauperis* as a motion to reconsider the Court's previous order.

On January 26, 2005, Plaintiff filed a civil complaint in the United States District Court for the Eastern District of Virginia. (Larson v. O'Grady, et al., Case No. 1:05-cv-70-JCC-BRP, Eastern District of Virginia, Alexandria Division). Plaintiff sued Magistrate Judge Liam O'Grady, who presided over Plaintiff's Virginia federal criminal case, and "Andrew," a customs officer who served as a witness in the criminal proceedings.[14] On February 9, 2005, Judge James Cacheris dismissed Plaintiff's complaint as frivolous, holding that Plaintiff could not recover monetary relief against Judge O'Grady, and Plaintiff did not state any other claims upon which relief could be granted. See Larson v. O'Grady, 1995 WL 3676518, at *1 (E.D. Va. Feb. 9, 2005). Plaintiff filed a motion for reconsideration, which was also denied, and Plaintiff appealed to the Fourth Circuit. The Fourth Circuit affirmed the district court. See Larson v. O'Grady, 2005 WL 1395161, at *1 (4th Cir. June 14, 2005).

[14]In the criminal case regarding the Dulles Airport incident, Case No. 1:03-mj-00286-LO, United States v. Larson, United States District Court for the Eastern District of Virginia, Alexandria Division, the court ordered a psychiatric evaluation for Plaintiff. (D.E. 7, Virginia Criminal Case). The evaluation found that Plaintiff was mentally unable to assist in his defense, and the parties agreed that Plaintiff would be sent to a facility for further mental treatment. Plaintiff was committed to the custody of the Attorney General, to hospitalize Plaintiff for treatment in a suitable facility. (D.E. 8, Virginia Criminal Case). This hospitalization was to last for a "reasonable period of time, not to exceed four months, as is necessary to determine whether [Plaintiff's] mental condition has improved to the extent necessary for his trial to commence or find that there is substantial probability he will attain that capacity in the foreseeable future". (Id.). The federal hospital facility was to determine the existence of insanity at the time of the commission of the offense at Dulles Airport. (Id.). Plaintiff was held for approximately four months at Federal Medical Center Butner ("FMC Butner") in North Carolina. Following Plaintiff's four months at FMC Butner, the government voluntarily dismissed the criminal complaint against Plaintiff. (D.E. 10, Virginia Criminal Case). Judge Earl Britt of the United States District Court for the Eastern District of North Carolina, Western Division, presided over the case regarding Plaintiff's confinement at FMC Butner. (United States v. Larson, Case No. 5:03-HC-842-BR, United States District Court for the Eastern District of North Carolina, Western Division). A competency hearing was held on January 6, 2004, with Judge Britt presiding. Following the competency hearing, Plaintiff was unconditionally released. (D.E. 6, North Carolina Case).

IV. **Applicable Law**

A. **28 U.S.C. § 1915**

Plaintiff seeks to proceed *in forma pauperis* with respect to this action, *i.e.*, he seeks to proceed without payment of the $350 filing fee.[15] 28 U.S.C. § 1915(a)(1) states as follows with respect to proceeding *in forma papueris*:

> any court of the United States may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't of Corr., 117 F.3d 240, 241 (5th Cir. 1997) (stating that under certain circumstances, non-prisoner plaintiffs may file actions without paying a filing fee). However, even if a person is indigent, Section 1915 still limits a person's ability to proceed *in forma pauperis*. Specifically, Section 1915(e)(2)(B) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ...
>
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

18 U.S.C. § 1915(e)(2)(B); see also Siglar v. Hightower, 112 F.3d 191, 193 (stating that a complaint may be dismissed if it lacks an arguable basis in law or fact).

[15] As noted above, Judge Miller in Houston originally granted Plaintiff's motion to proceed *in forma pauperis*. This Court hereby VACATES that order and denies Plaintiff's motion to proceed without paying the filing fee.

**B. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

As set forth below, Plaintiff's Amended Complaint contains allegations that are frivolous and fail to state a claim upon which relief can be granted. Accordingly, under 28 U.S.C. § 1915(e)(2)(B), Plaintiff cannot proceed *in forma pauperis* in this case, and Plaintiff's Amended Complaint must be dismissed in its entirety.

**1. Lack of Jurisdiction Over Out-of-State Defendants**

Plaintiff names as Defendants numerous individuals/entities that have no connection with the State of Texas. These individuals/entities include the following: the United States District Court for the Eastern District of Virginia, the Judge who presided over Plaintiff's criminal case in the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, the Supreme Court of the United States, the Assistant United States Attorney that prosecuted Plaintiff's criminal case in Virginia, the federal customs agent who served as a witness in the Virginia criminal case, the Assistant United States Attorney involved in the competency hearing in North Carolina, the federal judge who presided over the competency hearing in the Eastern District of North Carolina, the warden at Federal Medical Center Butner in North Carolina, various "workforce centers" in Minnesota, an employee of the Minnesota Department of Labor, a county in Minnesota where Plaintiff once lived, a Minnesota county official, a Minnesota-based official of the Department of Homeland Security, the attorneys involved in the Colorado DHS hearing, the Colorado DHS impartial hearing officer, employees of the Colorado Department of Corrections, various employees of a vocational rehabilitative center in Montana, a community college in Colorado, an online college based in Alabama, and individuals employed by the New Mexico Department of Corrections. (Amended Complaint, pp. 1-4). From Plaintiff's various pleadings, it appears that Plaintiff wishes to sue these individuals/entities

because of: (1) their connection with his criminal case in Virginia; (2) because he feels that they or their agencies should have found him suitable employment; (3) because he had problems with his school enrollment; or (4) because he felt he should have been employed as a correctional officer and the relevant state agencies did not hire him. As set forth below, this Court does not have personal jurisdiction over these out-of-state Defendants.[16]

"The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant if: 1) that defendant has 'minimum contacts' with the forum state; and 2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" Brown v. Slenker, 220 F.3d 411, 417 (5th Cir. 2000); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (same).[17] In this case, these Defendants do not have any connections with Texas, let alone the minimum contacts required for personal jurisdiction. Texas is one of several states Plaintiff has been to in recent years, in his quest to seek benefits and obtain employment as a correctional officer. (D.E. 11-14, 19-21). During his time in other states, Plaintiff encountered the persons/entities listed above, who Plaintiff now wishes to sue in this Court. Plaintiff's

[16]While the Court uses the term "claims" in this Order, the Court notes that Plaintiff does not actually bring any traditional "claims" or "causes of action" against these named Defendants. Rather, Plaintiff just names the Defendants in the body of his Amended Complaint, without specifying the claims he wishes to bring against them. (D.E. 11-14, 19-21).

[17]The "minimum contacts" prong of the due process test has "been refined to determine two types of personal jurisdiction -- specific or general." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993). A court may exercise "specific jurisdiction" over a non-resident defendant when the suit arises from or relates to the defendant's contacts within the forum state. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984). In contrast, when the act or transaction being sued upon is unrelated to the non-resident defendant's contacts with the forum, personal jurisdiction does not exist unless the defendant has sufficient "continuous and systematic contacts" with the forum state to support an exercise of "general jurisdiction." Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002) (citing Helicopteros Nacionales de Columbia, S.A., 466 U.S. at 414. In this case, the out-of-state Defendants have no contacts with the forum state, defeating both general and specific jurisdiction by this Court.

contacts with these persons/entities occurred solely outside of the State of Texas, and relate to Plaintiff's problems while he was residing in (or incarcerated in) Minnesota, Colorado, Montana, Virginia and North Carolina. All of these Defendants do not have the requisite minimum contacts with the forum-state, Texas, for this Court to exercise personal jurisdiction. Accordingly, pursuant to the due process clause of the Fourteenth Amendment to the United States Constitution, Plaintiff's claims against the above-listed Defendants must be DISMISSED for lack of personal jurisdiction.[18] See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see also Harris v. United States, 2002 WL 824277, at *4 (N.D. Tex. April 25, 2002) (dismissing plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(i) because the court lacked personal jurisdiction over the defendants); Perales v. Hedrick, 2002 WL 172592, at *1 (N.D. Tex. Jan. 31, 2002) (dismissing plaintiff's complaints "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)[,] because Plaintiff ... failed to show that the court has personal jurisdiction over certain Defendants named in the lawsuit").

### 2. Frivolous Claims Against Texas-Related Defendants

Plaintiff names certain Texas-related Defendants in the body of his Amended Complaint. These Defendants include the following: employees of the Texas Department of Assistive and Rehabilitative Services, employees of Del Mar College in Corpus Christi, Texas, a junior college in Uvalde, Texas, an employee of the "Victim Assistance Program" in Corpus Christi, Texas, the

---

[18]Plaintiff's claims against certain Defendants are also barred by res judicata, as Plaintiff already sued those Defendants based on the same allegations, in the Eastern District of Virginia and in the District of Montana. See Larson v. O'Grady, 1995 WL 3676518, at *1-2 (E.D. Va. Feb. 9, 2005) (dismissing Plaintiff's claims against Judge O'Grady based on judicial immunity, and dismissing Plaintiff's claims against federal customs agent "Andrew" for failure to state a claim upon which relief can be granted); Larson v. Texas, et al., Case No. CV 07-38-H-DWM-RKS, District of Montana, Helena Division, D.E. 7 (denying Plaintiff's motion to proceed *in forma pauperis*, as Plaintiff's entire complaint was "frivolous").

"Victim Compensation Program" in Austin, Texas, a Corpus Christi police officer, and an employee of the Texas Department of Criminal Justice in Huntsville, Texas. (Amended Complaint, pp. 1-4). Plaintiff does not indicate what claims he intends to bring against these named Defendants. From Plaintiff's various pleadings, it appears he wishes to sue these entities for their failure to assist him in becoming a correctional officer, and because of the criminal assault charges on his record. These claims are all frivolous, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint is frivolous if it lacks an arguable basis in law or fact." McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997) ("A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact."); Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995) (same). "A complaint lacks an arguable basis in law if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist." McCormick, 105 F.3d at 1061 (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

Plaintiff's claims against the Texas-related Defendants are frivoulous, as they lack an arguable basis in law. Plaintiff does not even specify what legal claims he wishes to bring against these Defendants. However, construing Plaintiff's *pro se* complaint liberally, it appears that Plaintiff wishes to sue the Texas-related Defendants for failure to help him secure employment as a correctional officer, and for failure to somehow expunge his record regarding criminal assault charges.[19] Plaintiff has no legal right to relief under either scenario. With

[19]The gravamen of Plaintiff's pleadings is that throughout the past several years, everyone who came into contact with Plaintiff was required to assist Plaintiff in obtaining employment as a correctional officer. When faced with various roadblocks along the way, *i.e.*, a

regard to Plaintiff's claims that Defendants "owed" Plaintiff assistance in becoming a correctional officer, there is no guaranteed right to employment in a certain position. Further, Plaintiff has no legal right to have his record expunged of criminal assault charges, so that he can pursue his goal of becoming a correctional officer. If Plaintiff has assault charges on his record, he has no right to have them removed because they are impeding his employment objectives. Because Plaintiff's vague allegations against the Texas-related Defendants lack an arguable basis in law, these claims must be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[20]

---

criminal background, cognitive issues, educational difficulties, Plaintiff's reaction was to file rambling statements with various federal courts around the country.

[20]Further, to the extent that Plaintiff attempts to bring a Title VII claim against an employee of the TDCJ, such a claim must also be dismissed as frivolous. Even construing Plaintiff's *pro se* complaint liberally, Plaintiff does not claim he is a member of any protected class, nor does he provide any basis at all for any alleged Title VII claim. Further, Plaintiff attempts to bring this claim against Terry Baily, a TDCJ employee. (Amended Complaint, p. 3). Plaintiff cannot bring a Title VII claim against an individual, Plaintiff would have to bring his Title VII claim against the employer itself. See Ackel v. Nat'l Communications, Inc., 339 F.3d 376, 381 n. 1 (5th Cir. 2003) ("[i]ndividuals are not liable under Title VII in either their individual or official capacities."); Chehl v. S. Univ. and Agr. Mech. College, 2002 WL 663755, at *1 (5th Cir. April 1, 2002) (citing Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999)) ("Title VII does not impose personal liability on individuals."). Because Plaintiff's purported Title VII claim against Mr. Baily does not have an arguable basis in law, Plaintiff's Title VII claim must be dismissed as frivolous.

## V. **Conclusion**

For the reasons set forth above, the Court hereby VACATES the order entered by the Hon. Gray Miller of the United States District Court for the Southern District of Texas, Houston Division, granting Plaintiff Jeffrey Allen Larson's motion to proceed *in forma pauperis* in the above-styled action (D.E. 5, Case No. 4:07-mc-207). The Court hereby DENIES Plaintiff's motion to proceed *in forma papueris* (D.E. 3, Case No. 4:07-mc-207), and the Court hereby DISMISSES all of Plaintiff's claims as frivolous. The Court DISMISSES the above-styled action in its entirety. The Court will not entertain a motion for reconsideration.

SIGNED and ORDERED this 6th day of May, 2008.

Janis Graham Jack
United States District Judge